IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SASSY WISCO LLC d/b/a
Sassy and Wisco's Iron Coach and
DALE DIESSNER,

                        Plaintiffs,                  OPINION AND ORDER

  v.

                                                                24-cv-843-wmc

SPINNAKER INSURANCE COMPANY,

                        Defendant.

---

      Defendant Spinnaker Insurance Company ("Spinnaker") removed this coverage dispute from state circuit court under § 1446(b)(1) after answering and serving its first discovery requests. Plaintiffs Dale Diessner and Sassy Wisco LLC ("Sassy") have moved for remand on the grounds that defendant could have ascertained the existence of diversity jurisdiction sooner, rendering its notice of removal untimely. (Dkt. #7.) Because the court agrees that the defendant could not affirmatively and unambiguously determine diversity of citizenship before receipt of plaintiff's responses to defendant's jurisdictional interrogatories, plaintiffs' motion for remand will be denied.

BACKGROUND[1]

      Through Sassy, Dale Diessner and his wife, Melodie Diessner, owned and ran a bar and grill business in Wisconsin doing business as "Sassy and Wisco's Iron Coach." The Diessners are the only LLC members of Sassy. Originally from Texas, after purchasing the

---

[1] The following facts are taken from the pleadings, plaintiffs' discovery responses and state court record submitted by the parties, including the fire investigation report, titled the "Ryland Report."

bar, the Diessners moved into a home next door. Two years into running the business, Sassy bought a businessowner's insurance policy for their business property from Spinnaker, naming Dale Diessner as the coverage contact.

Months later, the insured property burned down in a fire of disputed cause. Spinnaker hired a fire investigator, whose report detailed the business's history. After Spinnaker denied insurance coverage, plaintiffs brought suit in state court. Their complaint included allegations as to Dale Diessner's current residence, Sassy's licensing, and Sassy's principal address. However, plaintiffs' initial pleading did not allege sufficient information about Diessners' domicile to determine citizenship.

After answering the complaint, the defendant served its first discovery requests, specifically asking for plaintiffs' citizenship information to evaluate whether diversity jurisdiction existed. Within 17 days of receiving plaintiffs' response, Spinnaker filed notice of removal of this action to federal court under 28 U.S.C § 1332, 1441 and 1446. (Dkt. #1.) Plaintiffs subsequently moved for remand on timeliness grounds.

OPINION

A party asserting federal diversity of jurisdiction carries the burden of proof in establishing "complete diversity." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). As the Seventh Circuit (and now this court) has often emphasized, an individual's citizenship for diversity jurisdiction purposes is determined by where person is "domiciled." *Salem v. Egan*, 803 F. App'x 928, 931 (7th Cir. 2020). Domicile goes beyond physical presence and into where a person intends to remain. *Id*.

Thus, a person's residence is not necessarily their domicile and pleading residency is insufficient to establish citizenship. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 669 (7th Cir. 2012). Proof of diversity for an individual differs from those for an LLC. The citizenship of an LLC includes "the citizenship of each of its members," which means that for purposes of establishing complete diversity under *Smart*, a party must determine all members of an LLC. *Id*.

Plaintiffs argue that defendant's removal of this action was untimely because using only the allegations in the complaint, at least alongside basic information about Sassy's own operation, it knew or should have easily discerned that complete diversity existed between the parties here, using *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234 (7th Cir. 2021) as a guide. Specifically, that the 30-day removal deadline under 28 U.S.C § 1446 began to run when a defendant had sufficient information to determine each parties' citizenship. *Id*. at 241. Thus, removal must generally be sought within thirty days *of receiving* the first removable pleading. *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 628–631 (7th Cir. 2007).

From this, plaintiffs contend that defendant knew or should have discovered plaintiffs' citizenship from the original complaint, which alleged: Dale Diessner was the contact listed in the insurance policy; the policy limited coverage to Wisconsin through its vacancy clause; and the fire investigation report noted Dale owned and operated the bar with his wife, who resided adjacent to the bar. (Dkt. #16, at 2–3.) Certainly, the allegations in plaintiffs' complaint established Dale Diessner's Wisconsin residency and Sassy's licensure as owner of a bar in Wisconsin, as well as Dale Diessner's Wisconsin registration as Sassy's agent for service of process, but this information is not sufficient to

even establish Dale Diessner *citizenship*, much less Sassy's, without guessing.  (Dkt. #16, at 2.)  As a result, plaintiffs' initial pleading prevented defendant from clearly determining their citizenship under 28 U.S.C § 1446(b)(1).  *See Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007), (because residency does not establish citizenship in a state, it was not possible for the defendant to determine whether complete diversity existed from the initial pleadings).  Further, unlike in *Railey*, the defendant, even reading the complaint, alongside basic information known about plaintiffs business operations, did not know and could not reasonably discern with ease plaintiffs' citizenship.

Looking beyond plaintiffs' original pleading, therefore, defendant's deadline to file its notice of removal is set 30 days after receipt of any paper from which it was first able to ascertain that case was removable under 28 USCS § 1446(3).  *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013) ("The 30–day removal clock is triggered by the defendant's receipt of a pleading or other paper that *affirmatively and unambiguously* reveals that the case is or has become removable.") (emphasis added).  In particular, perhaps the defendant could have determined that the Diessners' were the sole members of the Sassy LLC by independent research, but there was no way to ascertain the individual defendants' intention as to where they wished to live long-term for purposes of their own domicile and as the sole members of the LLC, except to ask them, particularly since they had moved from Texas only a couple of years before.  Thus, plaintiffs' discovery responses were the "other paper" document generated within the case that caused defendant to think the case *was* actually removable and started the removal clock, or at least affirmatively and unambiguously established it as such, to meet defendant's burden to prove complete

4

diversity of citizenship. *See Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533 (7th Cir.2008) Thus, the filing of the notice of removal 17 days after receipt of plaintiffs' responses to defendant's targeted discovery was timely. *Cf. Addison v. CBS Corp.*, No. CV 13-397-GPM, 2013 WL 6169155, at *4 (S.D. Ill. Nov. 25, 2013) (finding the filing of a notice of removal thirty-seven days after defendant ascertained the case was removable was untimely under 28 U.S.C. § 1446(b)(3)).

Although the court will deny the plaintiffs' motion for remand under 28 U.S.C. § 1447(c), however, plaintiffs argument was not so frivolous or objectively unreasonable to merit an award of fees and costs against them. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (finding an "objectively reasonable" standard balances statutory rights to removal and avoids unjustified dilatory removal). Moreover, neither plaintiffs nor defendant cited clearly established law for whether defendants could establish diversity of citizenship from a complaint pleading one plaintiff's residency, at least when alongside other business information that *may* have provided a good faith basis to assert complete diversity. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) ("If clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.").

ORDER

IT IS ORDERED that:

1) The plaintiffs' motion for remand to state court (dkt. #6) is DENIED.

5

2) Defendant's request for costs and attorney fees under 28 U.S.C. § 1447(c) (dkt. #10) is DENIED.

Entered this 18th day of August, 2025.

                            BY THE COURT:

                            /s/

                            _____
                            WILLIAM M. CONLEY
                            District Judge